**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|                          |   |                                            |
|--------------------------|---|--------------------------------------------|
| **In re:**               | : | **CHAPTER 13**                             |
|                          | : |                                            |
| **TRACY M. PRESSLEY,**   | : | **BANKRUPTCY NO. 25-13742-DJB**            |
|                          | : |                                            |
| **Debtor.**              | : | **Hearing Date: December 18, 2025**        |
|                          | : | **Hearing Time: 9:30 a.m.**                |
|                          | : | **Hearing Place: Courtroom 2**             |
|                          | : |                                            |

**OBJECTION OF MONTGOMERY COUNTY TAX CLAIM BUREAU**
**TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN**

Montgomery County Tax Claim Bureau ("MCTCB"), by and through its undersigned counsel, hereby Objects to the Confirmation of the Chapter 13 Plan of Tracy M. Pressley (the "Debtor"), and in support thereof, states as follows:

**I.      PARTIES AND JURISDICTION**

1.      On or about September 16, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. §101, *et seq.* (the "Bankruptcy Code").

2.      This Court has jurisdiction over this Objection pursuant to 28 U.S.C. § 1334 and 11 U.S.C. §§ 1325 and 1325 and Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 3015.

3.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and/or 1409.

**II.      BACKGROUND**

4.      On or about October 1, 2025, the Debtor filed a Chapter 13 Plan (the "Plan") proposing to pay $1,000.00 per month over the course of sixty (60) months, for a total of $60,000.00.   A copy of the Plan is attached hereto as Exhibit "A" and incorporated herein.

5.    On November 4, 2025 MCTCB filed a secured proof of claim in the Debtor's bankruptcy case in the amount of $57,437.16 [Claim No. 5-1] for property taxes on the Debtor's real property located at 2410 Rahway Ave., Norristown, PA 19401 covering the years 2018 through 2024 including interest accruing at a statutory rate of nine percent (9%) per annum.  *See* 53 P.S. § 7102 and 72 P.S. § 5860.306.  A copy of MCTCB's proof of claim is attached hereto as Exhibit "B" and incorporated herein.

### III.    OBJECTION TO THE DEBTOR'S CHAPTER 13 PLAN

6.    Pursuant to Section 1325 of the Bankruptcy Code, the Court may not confirm a Chapter 13 Plan that has not been proposed in good faith.  11 U.S.C. § 1325(a)(3).

7.    Section 1325(a) of the Bankruptcy Code also dictates that the Court may not confirm a Chapter 13 Plan which does not provide that (i) the holder of a secured claim, such as MCTCB, retains its lien securing the claim until the earlier of the payment of the debt as determined by nonbankruptcy law or the Debtor receives a discharge; and (ii) if the Debtor's case is dismissed or converted prior to the Plan being completed, the lien securing the claim shall be retained to the extent recognized by applicable nonbankruptcy law.  11 U.S.C. § 1325(a)(5)(B)(i).

8.    Pursuant to Section 1325(a)(5)(B)(ii) of the Bankruptcy Code, in order for the Debtor's Plan to be confirmable, it must propose to "pay the present value, as of the effective date of the plan, of the full allowed secured claim."  In re Gonzalez, 553 B.R. 511, 517 (Bankr. E.D. Pa. 2016) (citing 8 Collier on Bankruptcy ¶1325.06[3] (Alan N. Resnick, Henry J. Sommer eds., 16th ed. 2016); Keith M. Lundin, Chapter 13 Bankruptcy §101.1 (4th ed. 2016)).

9.    In addition, "[t]he 'present value' requirement mandates, in the absent of consent, that the plan provide for post-confirmation interest on a creditor's allowed secured claim."  Id. (citing In re Soppick, 516 B.R. 733, 752-53 (Bankr. E.D. Pa. 2014)).

2

10.    MCTCB does not accept the Plan.

11.    The MCTCB Claim is secured by a first priority lien on the Property pursuant to 53 P.S. § 7102 and MCTCB is further entitled to collect statutory postpetiton interest at nine percent (9%) per annum pursuant to 72 P.S. § 5860.306 and 11 U.S.C. § 506(b).

12.    The Plan does not propose to pay the present value of the MCTCB Claim.  MCTCB filed a secured proof of claim in the amount of $57,437.16, but the Debtor's Plan proposes to pay only $50,000.00 to MCTCB.

13.    The Plan does not include interest or costs to MCTCB which is statutorily required.

14.    The Plan was not filed in good faith.

15.    For the aforementioned reasons, MCTCB respectfully submits that the Debtor's Plan is not confirmable and this Court should enter an Order denying confirmation of the Plan.

WHEREFORE, MCTCB hereby requests that this Honorable Court enter the attached form of Order sustaining the objection to the confirmation of the Debtor's Plan and such other relief as is just and equitable.

Dated: December 9, 2025          By: */s/ Michael D. Vagnoni*
                                 Michael D. Vagnoni, Esquire
                                 OBERMAYER REBMANN MAXWELL & HIPPEL LLP
                                 Centre Square West
                                 1500 Market Street, Suite 3400
                                 Philadelphia, PA 19102
                                 Telephone: (215) 665-3066
                                 Facsimile: (215) 665-3165
                                 Email: michael.vagnoni@obermayer.com
                                 *Counsel to Montgomery County Tax Claim Bureau*